LegalZoom.com, Inc. v. N.C. State Bar, 2015 NCBC 96.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 15111

| | | |
|---|---|---|
| LEGALZOOM.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT JUDGMENT** |
| | ) | |
| NORTH CAROLINA STATE BAR, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the parties' joint request for entry of a consent judgment. The Complaint in this action was filed by the Plaintiff LegalZoom.com, Inc. (LegalZoom) against the Defendant The North Carolina State Bar (the State Bar) asserting the right to provide its internet-based document services to consumers in North Carolina. The State Bar filed a Counterclaim asserting that LegalZoom's document services constitute the practice of law as defined in Chapter 84 of the North Carolina General Statutes. LegalZoom and the State Bar desire to settle all claims and issues raised in this action and, for that purpose, agree to the continuing jurisdiction of this Court over them and over the subject matter of this action, and waive the entry of findings of fact and conclusions of law. As evidenced by the signatures below of counsel of record, the parties have settled the dispute and have agreed to the disposition of this action by entry of this agreed Consent Judgment and to comply with the following terms:

1.     The parties agree that the definition of the "practice of law" as set forth in N.C.G.S. § 84-2.1 does not encompass LegalZoom's operation of a website that offers consumers access to interactive software that generates a legal document based on the consumer's answers to questions presented by the software so long as LegalZoom complies with the provisions of Paragraph 2 below.

2.     LegalZoom agrees that it must continue to ensure, for the shorter of a period of two (2) years after the entry of this Consent Judgment or the enactment of legislation in North Carolina revising the statutory definition of the "practice of law", that:

(a) LegalZoom shall provide to any consumer purchasing a North Carolina product (a North Carolina Consumer) a means to see the blank template or the final, completed document before finalizing a purchase of that document;

(b) An attorney licensed to practice law in the State of North Carolina has reviewed each blank template offered to North Carolina Consumers, including each and every potential part thereof that may appear in the completed document. The name and address of each reviewing attorney must be kept on file by LegalZoom and provided to the North Carolina Consumer upon written request;

(c) LegalZoom must communicate to the North Carolina Consumer that the forms or templates are not a substitute for the advice or services of an attorney;

(d) LegalZoom discloses its legal name and physical location and address to the North Carolina Consumer;

(e) LegalZoom does not disclaim any warranties or liability and does not limit the recovery of damages or other remedies by the North Carolina Consumer; and

(f) LegalZoom does not require any North Carolina Consumer to agree to jurisdiction or venue in any state other than North Carolina for the resolution of disputes between LegalZoom and the North Carolina Consumer.

3. The parties have agreed to mutually support and use best efforts to obtain passage by the North Carolina General Assembly of HB 436 in the form currently pending before the House Judiciary Committee.

4. The Court will retain jurisdiction over this action for the purpose of ensuring compliance and enforcing the provisions of this Consent Judgment for two (2) years from this date. The parties may choose to extend the terms of this Consent Judgment by mutual agreement. The Court's jurisdiction may be terminated earlier upon joint notification by the parties that the General Assembly has passed legislation which covers the matters addressed herein. If no such legislation is passed, and if the parties do not jointly request that the terms of this Consent Judgment be extended, the terms of this Consent Judgment shall terminate two (2) years from this date and the parties will no longer be bound by any of the terms of this Consent Judgment. Upon such termination of this Consent Judgment at the end of the two year period, the parties shall be deemed to have preserved each of its claims and defenses in the present case and

shall not be deemed to have waived any of its arguments under the statute defining the practice of law.

5.　Upon entry of this Consent Judgment, LegalZoom may request registration of its modified pre-paid legal services plans submitted to the State Bar for registration without additional filing or registration fees.  Upon registration of the modified plans by the State Bar, LegalZoom shall, within ten (10) business days, file a Notice of Dismissal of the pending Federal Court case, *LegalZoom.com, Inc. v. North Carolina State Bar, et al.*, (No. 1:15-CV-439, M.D.N.C.), without prejudice as to the State Bar and as to "official capacity" claims against the individual defendants, and with prejudice as to "individual capacity" claims against the individual defendants.  The Notice of Dismissal shall reflect that each party bears its own attorneys' fees and costs.  Also, within ten (10) business days of entry of this Consent Judgment, LegalZoom shall file a voluntary dismissal without prejudice in *LegalZoom.com, Inc. v. North Carolina State Bar* (No. 13 CVS 13755, Wake County).

6.　Nothing in this Consent Judgment is intended or may be construed as an admission by either party or constitute a finding or judgment by the Court that either party has violated any statute, regulation, common law, or other legal obligation.

7.　The parties must provide notice and a 30-day cure period and negotiate in good faith to resolve any dispute relating to the interpretation or implementation of this Consent Judgment before bringing any matter to the Court's attention for resolution, including but not limited to any claim that the other party has violated or failed to comply with any term of this Consent Judgment.

8.　The parties to this action and no one else shall have standing to seek construction or enforcement of this Consent Judgment.  At the request of either party, after providing the parties with notice and hearing, and upon entering written findings after hearing, the Court may grant declaratory and all other relief necessary to construe or enforce this Consent Judgment.

9.　This Consent Judgment embodies in full the terms of the agreement and understanding between the parties related to the subject matter of this action and this Consent Judgment.

10.　The parties shall bear their own costs and expenses in this matter, including attorneys' fees.

SO ORDERED, this the 22nd day of October, 2015.

/s/ James L. Gale
Hon. James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases


CONSENTED TO AND AGREED:

/s/ R. Daniel Boyce
R. Daniel Boyce
Thomas J. Ludlam
NEXSEN PRUET, PLLC
*Counsel for LegalZoom.com, Inc.*

/s/ Peter D. Kennedy
Peter D. Kennedy
GRAVES DOUGHERTY HEARON
  & MOODY, P.C.
*Counsel for LegalZoom.com, Inc.*

/s/ Alfred P. Carlton, Jr.
Alfred P. Carlton, Jr.
CARLTON LAW GROUP PLLC
*Counsel for LegalZoom.com, Inc.*


/s/ Alan W. Duncan
Alan W. Duncan
Allison Van Laningham Mullins
Stephen M. Russell, Jr.
MULLINS DUNCAN HARRELL
  & RUSSELL PLLC
*Counsel for the North Carolina State Bar*

ROY COOPER
Attorney General of the State of North Carolina

By: /s/ I. Faison Hicks
I. Faison Hicks
Special Deputy Attorney General
North Carolina Department of Justice
*Counsel for the North Carolina State Bar*